HABBLEY W. CLARKE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Clarke v. Commissioner
Docket No. 6241-71.
United States Tax Court
T.C. Memo 1974-7; 1974 Tax Ct. Memo LEXIS 311; 33 T.C.M. (CCH) 20; T.C.M. (RIA) 74007; January 15, 1974, Filed. *311 Held, petitioner is not entitled to deduct child support payments either as alimony or separate maintenance payments or as trade or business expenses. Habbley W. Clarke, pro se.
Gerald W. Leland, for the respondent. WILES
MEMORANDUM FINDINGS OF FACT AND OPINION
WILES, Judge: Respondent determined a deficiency in the petitioner's income tax for the taxable year 1969, in the amount of $314.30. The only issue for our decision is whether petitioner is entitled to a deduction for child support payments. 2 Some of the facts have been stipulated and are found accordingly.
Petitioner Habbley W. Clarke resided in St. Paul, Minnesota, at the time of the filing of the petition herein. He filed an individual income tax return for the taxable year 1969 with the district director of internal revenue in St. Paul, Minnesota.
Petitioner married Joanne M. Launderville (hereinafter referred to as Joanne) on October 7, 1961. They had two children, Libby Ann and Habbley W. IV. Libby Ann was born on October 7, 1962 and Habbley W. IV. was born on July 3, 1964.
On January 12, 1968, petitioner and Joanne were divorced under a decree entered by *313 the Ramsey County District Court. Under the divorce decree, Joanne was awarded custody of the two minor children and petitioner was ordered to pay Joanne the sum of $140 per month, payable at the rate of $35 per week, for the support of the children. The divorce decree did not designate which parent would be entitled to the dependency exemptions for the two children. Petitioner was not required under the divorce decree to pay Joanne alimony, and he made no alimony payments to her.
On February 29, 1968, petitioner was adjudged in contempt of the divorce decree by the Second Judicial District Court of Minnesota, Family Court Division, for his failure to make the 3 child support payments required under the divorce decree. Petitioner was committed to the Saint Paul-Ramsey Workhouse for thirty days. The sentence was suspended, however, because petitioner gave Joanne a check to cover the arrearages.
Subsequently, petitioner and Joanne orally agreed that petitioner would fulfill his obligation by paying $25 per week to Joanne for the support of Libby Ann and Habbley W. IV. During 1969, petitioner made weekly child support payments of $25 to Joanne. The payments totaled $1,300 *314 in 1969.
Joanne, during 1969, provided out of her personal earnings more than one-half of the support for Libby Ann and for Habbley W. IV.
On his 1969 income tax return, petitioner claimed his child support payments totaling $1,300 as a miscellaneous deduction.
The petitioner, who appeared on his own behalf, contends that he is entitled to a deduction for child support payments, but he has not articulated clearly the grounds that would support such a deduction. Although petitioner entered the amount of child support payments as a miscellaneous deduction on his Federal income tax return, at trial he appeared to base his claim on the ground that the payments were employee business expenses. We therefore shall determine whether the payments are deductible either as alimony or separate maintenance payments pursuant to section 215 or as trade or business expenses pursuant to section 162. 4 Section 215 allows a husband who is divorced to deduct payments made to his former wife under a decree of divorce if the payments are includable in the wife's gross income under section 71. Section 71(b) provides that payments that the divorce decree fixes as payments for the support of the *315 former husband's minor children are not includable in the wife's gross income under section 71(a). We therefore hold that petitioner is not entitled to deduct his child support payments under section 215.
Petitioner further contends that his child support payments should be treated as employee business expenses because he would be incarcerated if he failed to make those payments and as a result he would be dismissed from his job. This factor does not establish that the child support payments were ordinary and necessary business expenses. We conclude that these payments were personal expenses and therefore nondeductible under section 262.
Decision will be entered
for the respondent.